UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK D. BELCHER,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : 　3:09-cv-757 (WWE) |
| TANISHA YOUNGER, et al.,<br>　　　Defendants. | :<br>:<br>: |

## ORDER DISMISSING CASE

Upon review of plaintiff Mark D. Belcher's pro se complaint and consideration of plaintiff's response to the Court's order to show cause, the Court will dismiss this case sua sponte for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Defendants include, among others, (1) plaintiff's cousin Tanisha Younger, who purportedly owns plaintiff's home; (2) Wells Fargo Bank, who purportedly sold plaintiff's home on behalf of the estate of his mother; (3) Attorneys Bridget Cusack and Richard Bortolot, counsel in various underlying Connecticut state court actions now pending; (4) several judges of the Connecticut Superior and Probate courts; (5) City of Bridgeport; (6) State of Connecticut Attorney General Richard Blumenthal and Assistant Attorney General Gary William; and (7) United States Attorney General Eric Holder.  Plaintiff's complaint and motion for preliminary injunction allege that defendants conspired to fraudulently transfer plaintiff's home from plaintiff's mother's estate to defendant Younger and then to prevent plaintiff from receiving a fair hearing before the

1

Connecticut probate and housing courts.[1]

As the Court observed in its ruling (Doc. #9) on plaintiff's motion for preliminary injunction, plaintiff has failed to demonstrate a basis for jurisdiction for this action to lodge in federal court. Specifically, the Court noted that plaintiff did not assert jurisdiction under 28 U.S.C. §§ 1331 or 1332. The Court further found that the Rooker-Feldman doctrine would likely serve as a bar to subject matter jurisdiction and would prevent federal court review of plaintiff's claims.

On the same date that the Court issued its ruling on the preliminary injunction, it also issued two orders to show cause. The first (Doc. #8) directed defendants to indicate why plaintiff's requested relief should not be granted. The second (Doc. #7) directed plaintiff to demonstrate under what basis the Court possesses subject matter jurisdiction over this case. The date for service in both orders to show cause was June 8, 2009, and the return date was June 29, 2009. There is no indication in the record that plaintiff has served any defendant.[2] On June 26, 2009, plaintiff filed a response to the Court's order to show cause regarding why the Court possesses subject matter of this action (Doc. #21), which the Court has reviewed in issuing this order.

Federal courts are courts of limited jurisdiction. They may only hear cases and issue rulings where there is subject matter jurisdiction. As a general rule, subject matter jurisdiction exists only in two situations. First, where a cause of action is based

---

[1] Plaintiff advances the same arguments in response to the Court's order to show cause regarding this Court's subject matter jurisdiction over this action.

[2] The Court has received an ex parte letter from Nicole Barber of Hunt Leibert Jacobson, P.C., which would indicate that her clients – "[t]wo of the attorneys from our office are named defendants" – have received notice of this action.

on a federal question, there is jurisdiction under 28 U.S.C. § 1331.  Second, where there is complete diversity between all plaintiffs and all defendants and the amount-in-controversy exceeds $75,000, there is diversity jurisdiction under 28 U.S.C. § 1332.  The onus is on the plaintiff to establish a basis for jurisdiction in his complaint.  Although the Court will construe a pro se plaintiff's complaint liberally, the Court cannot find jurisdiction where none exists simply because plaintiff proceeds pro se.  Further, where the Court lacks subject matter jurisdiction over an action, the Court must dismiss it.  See Fed. R. Civ. P. 12(h)(3); Galland v. Margules, 191 Fed. Appx. 23 (2d Cir. 2006).

In this case, plaintiff is challenging foreclosure proceedings against him in state court.  There is no diversity jurisdiction on the face of the complaint because plaintiff and at least one of the defendants are citizens of the state of Connecticut.  In addition, there is no federal question jurisdiction because plaintiff's complaint is conclusory as to how his federal constitutional rights were violated.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  His complaint consists of a litany of grievances against state court judges and private individuals regarding foreclosure and eviction proceedings.  The allegations contained in the complaint do not suffice to establish jurisdiction.

In addition, as the Court stated in its previous ruling, the Rooker-Feldman doctrine is a jurisdictional bar to plaintiff's claims.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Johnson v. Queens Admin. for Children's Servs., 197

Fed. Appx. 33, 34 (2d Cir. 2006) (observing that the Rooker-Feldman doctrine goes to the district court's subject matter jurisdiction over the action). The Rooker-Feldman doctrine bars federal courts from interfering with state court judgments outside of the habeas corpus context. For it to apply, (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007); see also Beckford v. Citibank N.A., 2000 U.S. Dist. LEXIS 15549 (S.D.N.Y. Oct. 24, 2000) (dismissing case under Rooker-Feldman doctrine where state court foreclosure action was still pending). Because, on the face of the complaint, these factors apply, the Court will dismiss plaintiff's complaint for lack of subject matter jurisdiction. See Saferstein v. Lawyers' Fund for Client Protection, 223 Fed. Appx. 39 (2d Cir. 2007).

For the foregoing reasons, plaintiff's complaint is DISMISSED. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 1st day of July, 2009.

                                       /s/
                                Warren W. Eginton
                                Senior United States District Judge